1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

7 SARA A. RICHARDSON,

NO:  12-CV-0577-TOR

8                                  Plaintiff,

ORDER RE: DEFENDANTS'
MOTION TO DISMISS, ETC.

9        v.

10 CITY OF SPOKANE
WASHINGTON; MARIE-CHRIS
11 ROSENTHAL; PAUL WATSON; and
JOHN ROYS,

12                                  Defendant.

13

14        BEFORE THE COURT is Defendants' Motion and Memorandum of

15 Authorities to Dismiss, or in the Alternative Finding the Request for Admissions

16 Deemed Admitted, Compelling Discovery and For Costs and Attorney's Fees

17 (ECF No. 26).  This matter was submitted for consideration without oral argument.

18 The Court has reviewed the briefing and the record and files herein, and is fully

19 informed.

20 //

ORDER RE: DEFENDANTS' MOTION TO DISMISS, ETC. ~ 1

1

BACKGROUND

2  Plaintiff Sara Richardson sued Defendants City of Spokane, Officer Marie-

3 Chris Rosenthal, Officer Paul Watson, and Sergeant John Roys in Spokane County

4 Superior Court in August 2012, alleging violation of civil rights and custodial

5 interference. ECF No. 1 at 8-9. Defendants removed the action to this Court. ECF

6 No. 1. On October 15, 2013, Plaintiff's counsel, Richard D. Wall, moved the court

7 for leave to withdraw as attorney for Plaintiff because of her lack of contact and his

8 resulting inability to respond to discovery requests and otherwise prepare the

9 matter for trial. ECF No. 21. He noted that Ms. Richardson had not replied to his

10 phone calls or emails, and that his last in-person contact with her was in early

11 August 2013. *Id.* at 2. The Court denied Mr. Wall's motion. ECF No. 22.

12  Defendants served their first set of interrogatories and requests for

13 production on Plaintiff's counsel on October 3, 2013, and their first requests for

14 admission and second set of requests for production on November 1, 2013. ECF

15 No. 31 at 2. No answers have been received. *Id.* Pursuant to the Jury Trial

16 Scheduling Order (ECF No. 17) the discovery cutoff is December 23, 2013. Ms.

17 Richardson failed to appear for her deposition on December 12, 2013. ECF No. 30

18 at 2; ECF No. 31 at 2. On December 4, 2013, Defendants filed the motion now

19 before the Court, arguing that the case be dismissed or, alternatively, that the

20 outstanding requests for admission be deemed admitted and that plaintiff be

ORDER RE: DEFENDANTS' MOTION TO DISMISS, ETC. ~ 2

compelled to answer and respond to discovery. ECF No. 31 at 1-2.[1] Defendants

claim they have been and continue to be prejudiced by their inability to seek

discoverable material in a timely manner due to Ms. Richardson's willful and

intentional actions. ECF No. 26 at 2-3.

Mr. Wall responds that he has not had any contact with Plaintiff for the past

four months and is therefore unable to provide a meaningful response to

Defendants' discovery requests or the motion to dismiss. ECF No. 29 at 2.

Defendants note that to the best of Mr. Wall's knowledge, Plaintiff is in the city of

Spokane, but has been unresponsive to all attempts to contact her. ECF No. 31at 4.

They argue that, after conversations with Mr. Wall, it is clear that the Court's

scheduling order has been and will continue to be compromised by Ms.

Richardson's actions. ECF No. 31 at 2-3.

## DISCUSSION

Defendants request dismissal of the case, arguing that under the Federal

Rules of Civil Procedure the Court may, upon motion, dismiss the case as

sanctions for failure to comply with discovery. ECF No. 26 at 3.

---

[1] Defendants filed their Motion to Dismiss or in the Alternative Compel at ECF

No. 26 on December 4, 2013; they filed an amended memorandum of point and

authorities in support of this motion on December 18, 2013, at ECF No. 31.

ORDER RE: DEFENDANTS' MOTION TO DISMISS, ETC. ~ 3

Under Rule 37(d), "the court…may, on motion, order sanctions if…a party…fails, after being served with proper notice, to appear for that person's deposition; or …a party, after being properly served with interrogatories under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ.P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ.P. 37(d)(3). Rule 37 provides that such orders include:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     *dismissing the action or proceeding in whole or in part;*

(vi)    *rendering a default judgment against the disobedient party; or*

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

ORDER RE: DEFENDANTS' MOTION TO DISMISS, ETC. ~ 4

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added).

In considering whether a dismissal or default is appropriate as a Rule 37 sanction, the court is to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (internal quotation omitted) (finding prejudice where defendants failed to appear at their depositions and repeatedly failed to comply with court orders to produce documents). The prejudice element is essential because "sanctions which interfere with the litigants' claim or defenses violate due process when they are imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Id.* (internal quotation omitted). "Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order" to compel discovery.  *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (holding that district court's dismissal of case was appropriate under Rule 37(d) where Plaintiff failed to respond to discovery or a motion to compel, filed a motion for an extension for time to respond, missed a hearing, and moved to continue the rescheduled hearing).

Here, the first two *Wanderer* factors militate in favor of dismissal. The public has an interest in expeditious resolution, and the Court needs to manage its dockets; Plaintiff's unresponsiveness threatens both an expeditious resolution and the orderly and timely disposition of cases on the Court's docket. Likewise, under the third factor, Defendants are prejudiced by Plaintiff's noncompliance with their discovery and deposition requests. Their inability to get information from Plaintiff almost certainly hinders their ability to develop a defense, let alone to have a clear understanding of Plaintiff's grievances against the city and the officers.

As for factor four, though other, less severe sanctions are available, none address the root problem: the fact that Ms. Richardson has failed to respond to her own counsel's attempts to contact her, and thus any sanctions will be unknown to her. For example, the Court could impose the sanctions available under Rule 37(d)(3) ("[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure was substantially justified or other circumstances make an award of expenses unjust").  However, such sanctions would be fruitless, since Plaintiff appears to be unreachable; nothing in the facts suggests that she would become aware of the sanctions, let alone that they would motivate her to prosecute her case.

Thus, factor four, which states the preference for resolution of matters on their merits, is the only factor militating for other sanctions than dismissal. Given the nature of this case, and the length of time (four months) that have elapsed without any word from, sight of, or contact with Plaintiff, the Court finds that dismissal is appropriate under Rule 37.

Defendants also cite Rule 41(b) as authority to dismiss:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Upon a motion to dismiss for failure to prosecute, a district court must weigh the following factors: "'(1) the court's need to manage its docket, (2) the public interest in expeditious resolution of litigation, (3) the risk of prejudice to defendants from delay, (4) the policy favoring disposition of cases on their merits.'" *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991) (quoting *Citizens Utilities Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied,* 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979)). "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (quoting *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976)) (holding district court did not abuse its discretion in dismissing appellants' action

where they delayed adjudication for nearly two years, repeatedly failed to respond to correspondence from appellees regarding discovery and arbitration, failed to appear at a scheduled meeting, misrepresented intentions to the court, and substituted counsel four times).

For the same reasons that Rule 37 warrants dismissal, so does Rule 41(b). This Court cannot manage its docket based upon Plaintiff's unilateral, unpredictable decision to indefinitely absent herself from the proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Expedite (ECF No. 25) is **GRANTED**.

2. Defendants' Motion and Memorandum of Authorities to Dismiss, or in the Alternative Finding the Request for Admissions Deemed Admitted, Compelling Discovery and For Costs and Attorney's Fees (ECF No. 26) is **GRANTED in part**. This action is **DISMISSED**. Defendant's alternative requests to deem matters admitted, to compel and for attorney fees is denied.  All other pending motions and hearings are VACATED.

The District Court Executive is hereby directed to enter this Order, enter a judgment dismissing this action, provide copies to counsel, and CLOSE the file.

**DATED** December 23, 2013.



THOMAS O. RICE
United States District Judge

ORDER RE: DEFENDANTS' MOTION TO DISMISS, ETC. ~ 8